## EX PARTE HILL.

### *IN RE* ALLGOOD v. ROBERTSON.

Waiver—Costs—Non-Resident.—Parties to a cause may waive their rights under an order requiring a non-resident party, plaintiff, to deposit costs, by verbal agreement, also by going on with case on its merits after expiration of time for such deposit.

Before TOWNSEND, J., Laurens, October, 1898. Affirmed.

Motion by W. P. Hill, W. E. Hill, Florence Hill, James S. Hill, Elizabeth Ann Harris, Mary Francis Hill, John Allgood, Alice Allgood, Hattie Allgood and Minnie Allgood, petitioners. *In re* John Allgood against V. B. Robertson, as administrator of Wiley Hill, deceased, and others, to vacate judgment. From order refusing motion, movers appeal.

*Messrs. W. H. Martin* and *F. P. McGowan,* for appellants, cite: *After expiration of date for deposit of costs, complaint stood dismissed:* 30 S. C., 458; 2 Bail., 606. *Judge Hudson could not modify Judge Witherspoon's order:* 9 Rich., 411; 2 S. C., 390; 31 S. C., 427.

*Messrs. Ferguson & Featherstone* and *Simpson & Barksdale,* contra, cite: *Circuit decree not appealed from is final:* 40 S. C., 189; 18 S. C., 602; 38 S. C., 193. *Parties had a right to waive the provisions of the order requiring deposit for costs, and such waiver nullified the order:* 2 Rich., 10; 31 S. C., 432; 8 Rich., 258. *Order of nonsuit may be waived, and case redocketed and tried:* 4 Strob., 193; 29 S. C., 239.

July 3, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. An action was commenced in 1890 by John Allgood, a non-resident, against V. B. Robertson, as administrator of the estate of Wiley Hill, deceased, and others, for the purpose of partitioning the lands of Wiley Hill, according to the provisions of his will. On motion of N. B. Dial and H. Y. Simpson, attorneys for Nannie C. Cannon, who held a mortgage on the land described in the complaint, executed by Alvin H. Hill, R. H. Young and G. W. Shell, his Honor, Judge Witherspoon, on the 21st of February, 1891, granted an order requiring the plaintiff "to

deposit with the clerk of this Court the sum of $100 within the next sixty days, to cover whatever costs may be allowed against him; failing so to do within said time, that the complaint be dismissed." The plaintiff failed to comply with said order. On the 2d of October, 1891, his Honor, Judge Hudson, filed a decree adjusting the rights of the parties to the action. In this decree Judge Hudson says: "All parties herein have been duly served, and are properly before the Court. The question of title herein is one dependent upon the construction of the will of Wiley Hill, deceased, and a jury trial as to that is, therefore, waived."

The plaintiffs' attorneys, after giving due notice, made a motion to set aside the decree of his Honor, Judge Hudson, "on the ground that the Court has no jurisdiction of the subject matter, and Judge Hudson has no power to overrule another Circuit Judge, and had no jurisdiction of the person of the petitioners." The following is the affidavit of N. B. Dial and H. Y. Simpson in opposition to said motion: "Personally appeared N. B. Dial and H. Y. Simpson, who, first being duly sworn, say: that they were the attorneys for Patrick Cannon, Nannie C. Cannon, G. W. Shell, and R. H. Young, defendants, in the above stated case, and that on their motion, as attorneys for said defendants, the plaintiff, a non-resident, was required to deposit the sum of $100 as security for the costs in said case by a fixed day; that these affiants agreed with the attorneys for the plaintiff to waive this requirement of this order, and to go into the trial of the case without having the plaintiff to make the deposit as security for costs, and it was with this understanding and agreement that the case was tried without the security being given as required by the order."

His Honor, Judge Townsend, filed the following order: "This is a motion to open up the judgment in the above stated case. The parties seeking to accomplish said end rely upon three grounds: First, that W. E. Hill was never properly before the Court in said action. Second, that W. P. Hill was never properly before the Court in said cause.

Third, that the order passed by Judge Witherspoon, requiring the plaintiff to give security for costs, was never complied with, and, therefore, Judge Hudson was without jurisdiction to pass the decree in said cause, of date October 2d, 1891. As to the first ground, I do not think that the facts will warrant me in holding that W. E. Hill was not made a party to the cause. It appears that Mr. W. W. Kennedy, a reputable attorney, answered for him, and it has not been made to appear to my satisfaction that he did not have authority so to do. I incline to the opinion, from the facts before me, that in any event W. E. Hill knew that he was being represented by said attorney, and of the pendency of said action, and he did not raise any objections. As to the second ground of attack, the proof satisfies me that W. W. Kennedy had authority to represent W. P. Hill, and that said Hill knew that he claimed to represent him, and also that the action was pending, and that he did not object. As to the third ground, it appears that the order requiring the plaintiff to give security for costs was passed at the instance of the clients of Messrs. H. Y. Simpson and N. B. Dial. That the said parties, through their attorneys, waived their right to have plaintiff comply with this order. This I hold they had a perfect right to do. It is, therefore, ordered, that the motion to open up judgment therein be, and the same is hereby, refused."

The petitioners appealed upon the following exceptions: "I. Because his Honor, D. A. Townsend, erred, it is respectfully submitted, in holding that the defendants, G. W. Shell, R. H. Young, Nannie C. Cannon and Patrick Cannon, or their attorneys, waived, or had the power to waive, their rights under the terms and penalties of Judge Witherspoon's order, requiring security for costs; and he erred in not holding that such alleged waiver, or any agreement of theirs for a waiver, could not affect the rights and liabilities of their codefendants. II. Because his Honor, Judge Townsend, should have held, and he erred in not holding, that Judge Hudson had no power to vary the terms, conditions

29—55

or penalties of Judge Witherspoon's order, and pass the decree of October 2d, 1891."

The appellants rely solely upon the fact that the plaintiff failed to comply with the order requiring security for costs, to show that his Honor, Judge Hudson, did not have jurisdiction of the case. They, however, had the right to waive compliance with the requirement that the money should be deposited within the time mentioned in the order. *Garrett* v. *Niel,* 39 S. C., 560; *Fonville* v. *Richey,* 2 Rich., 10. The recitals in the decree of Judge Hudson, the affidavits of N. B. Dial and H. Y. Simpson, and the findings of fact in the order of Judge Townsend, show conclusively that the appellants contested the case upon its merits after the time for depositing the money had expired, and that they not only thus impliedly waived the right to insist upon compliance with said order, but in express terms, by their attorneys, waived this right.

It is the judgment of this Court, that the order of the Circuit Court should be affirmed.

*Mr. Chief Justice McIver concurs in result.*